| B 104 (Rev. 2/92) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| | |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| | |

**PARTY** (Check one box only)    ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

### NATURE OF SUIT
(Check the one most appropriate box only.)

☐ 454 To Recover Money or Property
☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
☐ 424 To object or to revoke a discharge 11 U.S.C. §727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan
☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523
☐ 434 To obtain an injunction or other equitable relief
☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
☐ 459 To determine a claim or cause of action removed to a bankruptcy court
☐ 498 Other (specify)

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☐ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND $ | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| | |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|

| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|

| FILING FEE (Check one box only.) | ☐ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|

| DATE | PRINT NAME | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. §1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. §544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

1. Original Proceeding.
2. Removed from a State or District Court.
4. Reinstated or Reopened.
5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000 enter "1," for $10,000 enter "10", for $100,000 enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and the six digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee). There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se,* that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

In re: Debra Gates
Debtor

Case No.: 04-12076-SSM
Chapter 7

Debra Gates
        Plaintiff

v.                                APN:

Rapid Recovery, Inc.
SERVE:   Neil Bingaman, Registered Agent
              6142 Franconia Road
              Alexandria, VA  22310-0640

        Defendant

**COMPLAINT FOR DAMAGES AND INJUNCTION**

COMES NOW, Debra L. Gates, the Plaintiff, in support of her Complaint for Damages and Injunction against Rapid Recovery, Inc. (hereinafter referred to as "Rapid Recovery"), for violation of the automatic stay provided by section 362 of the Bankruptcy Code, 11 U.S.C. §362, and for damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq, and as her basis for this Complaint would show the Court as follows:

**PARTIES**

1. Plaintiff Debra Gates, is a natural person, domiciled in Prince William County, Virginia.

2. Rapid Recovery is a Virginia corporation, the principal purpose of whose business is the collection of debts or operating a debt collection agency within the meaning of 15 U.S.C. §1692a(6).  Defendant may be served by serving Neil Bingaman, its Chief Operating Office and Registered Agent, at 6142 Franconia Road, Alexandria,

VA 22310-0640.

## JURISDICTION

      3. This court has jurisdiction to consider the claims of the Complaint for Damages and Injunction related to contempt and/or sanction for violation of the automatic stay pursuant to 11 U.S.C. §362. The Court has the authority to enter a final order regarding this matter since it constitutes a core proceeding as contemplated by 28 U.S.C. §157 and 28 U.S.C. § 1334 . To the extent defendant's actions misrepresented the legal status of plaintiff's debt under FDCPA §1692e(2)(A), the legal status of plaintiff's debt is determined in plaintiff's bankruptcy proceeding, and plaintiff's claim for damages under the FDCPA constitutes a core proceeding. The court therefore has the authority to enter a final order for claims related to this violation. The court has the authority to enter findings of fact and conclusions of law regarding Rapid Recovery's remaining violation of the FDCPA because it constitutes a non-core proceeding under 28 U.S.C. §157(c)(1). Debra Gates brings this Complaint for Damages and Injunction pursuant to Rule 7001 of the Rules of Bankruptcy Procedure, 11 U.S.C. §105, 11 U.S.C §301, 11 U.S.C. §362(a), 11 U.S.C. §542, 11 U.S.C §543, 11 U.S.C. §524, as well as other provisions. Debra Gates also brings this complaint pursuant to the FDCPA, 15 U.S.C. §1692k(d). Declaratory relief is available under the FDCPA pursuant to 28 U.S.C. §§2201 and 2202.

      4. Venue is proper in this district under 28 U.S.C. §1409(a).

## STATEMENT OF FACTS

      5. Plaintiff filed a petition in bankruptcy under Chapter 7 of the Bankruptcy Code on May 7, 2004.

      6. Defendant was listed as a creditor and notice of the case was transmitted electronically by the Court and receipt of the transmission was confirmed on May 13, 2004. Plaintiff listed Rapid Recovery as a creditor and provided the court with the following address for Rapid Recovery: P.O. Box 112, Fairfax, VA 22030.

      7. Before Plaintiff's bankruptcy filing, Rapid Recovery contacted Plaintiff on

many occasions over several years. Defendant's representative identified himself as "Tony" and told Plaintiff that he is an attorney doing collections for Dr. Mays, a chiropractor. Prior to the bankruptcy filing, plaintiff advised "Tony" that she intended to file for bankruptcy.

8. Before filing bankruptcy, Plaintiff made occasional payments to Rapid Recovery by check. "Tony" requested authorization to withdraw funds directly from her checking account, but Plaintiff refused to give him authorization to do so.

9. On June 16, 2004, after Plaintiff filed bankruptcy and after Rapid Recovery was given notice of Plaintiff's bankrutpcy filing, Rapid Recovery withdrew $50.00 from Plaintiff's checking account. A copy of the bank withdrawal is attached as Exhibit 1.

10. As the result of the Defendant's acts as alleged herein, Ms. Gates has suffered actual damages and injury, including but not limited to bank fees, attorney's fees, distress, mental anguish and suffering, fear, and loss of peace of mind.

## WILLFUL VIOLATION OF THE STAY

11. Plaintiff restates herein all previous paragraphs.

12. Defendant's unauthorized withdrawal from Plaintiff's bank account constitutes an action to collect a debt in violation of the automatic stay imposed by 11 U.S.C §362, in willful disregard for the authority of this Court.

13. Plaintiff is entitled to declaratory relief and to recover actual and punitive damages, including reasonable attorney's fees and costs.

## VIOLATION OF THE FDCPA

14. Plaintiff restates paragraphs 1 through 10.

15. Defendant's withdrawal from Plaintiff's bank account constitutes a false representation to the bank that the debt was legally due and owing, and that he was acting with plaintiff's authorization and consent, in violation of 15 U.S.C. §1692e(2)(A)

16. Defendant's unauthorized withdrawal from plaintiff's bank account

constitutes an unfair or unconsciounable means to collect a debt within the meaning of 15 U.S.C. §1692f .

17.  Plaintiff is entitled to declaratory relief, and to recover actual damages, statutory damages, reasonable attorney's fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court

1.  Find the Defendant in contempt of Court for violation of the automatic stay;

2.  Find that Defendant's actions violated the FDCPA;

3.  Enjoin Defendant from taking any further collection action against Plaintiff;

4.  Order Defendant to pay Plaintiff's actual damages, punitive damages, statutory damages, reasonable attorneys fees and costs associated with bringing this action;

5.  Grant such other relief as may be just and proper.

Respectfully submitted,

Debra L. Gates
By Counsel

LAW OFFICES OF ROBERT R. WEED


By: /s/ Nancy O. Ryan_____
Nancy O. Ryan, VSB #22196
Robert R. Weed, VSB #24646
1420 Prince Street, Suite 200
Alexandria, Virginia  22314
Tele:  703.639.5000
Fax: 703.548.2607
Counsel for Plaintiff




JULIETTE WILLIAMS
1001/1   1324
20040623 000000001634419 50.00
200406280073 WS:WKS02 OPR:AES

DEBRA L GATES
3264 BETHEL CHURCH RD
WOODBRIDGE            VA 22192



EXHIBIT
1